Boukhari v. Holder

BIA
Montante, IJ
A029 718 490

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

JIHAD BOUKHARI, AKA JIHAD MOUNIT BOUKHARI,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

12-3155
NAC

_____

FOR PETITIONER:        Serghei Potorac, Falls Church, VA.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy Assistant Attorney General; Jennifer Williams, Senior Litigation Counsel; Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jihad Boukhari, a native of Kuwait and citizen of Lebanon, seeks review of a July 13, 2012, decision of the BIA affirming the January 27, 2011, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., which denied Boukhari's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jihad Boukhari,* No. A029 718 490 (B.I.A. July 13, 2012), *aff'g* No. A029 718 490 (Immig. Ct. Buffalo Jan. 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In his counseled brief, Boukhari fails to address or even acknowledge the agency's adverse credibility determination. As we do not find that manifest injustice

2

would result if we decline to review the agency's adverse credibility determination, we deem waived any challenge to that determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n.7 (2d Cir. 2005). Accordingly, the finding stands as a dispositive basis for the agency's denial of asylum, withholding of removal, and CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk